**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Jambys, Inc., *et al.*, | Case No. 24-10913 (KBO) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. 121, 123, 132, and 138** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING**
**SUBCHAPTER V DEBTORS' PLAN OF REORGANIZATION**

Upon the (i) filing of the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned subchapter V cases (the "Cases") of the (a) *Subchapter V Debtors' First Amended Plan of Reorganization* [D.I. 138] (as may be further modified, amended or supplemented from time to time, the "Plan")[2] filed on September 6, 2024, which amends and replaces the previously filed plan [D.I. 121]; (b) the *Certification of Ballots and Related Voting Matters* [D.I. 140] (the "Voting Declaration"); (c) the *Declaration of John Ambrose in Support of Confirmation of Subchapter V Debtors' First Amended Plan of Reorganization* [D.I. 141] (the "Initial Confirmation Declaration"); (d) the *Supplemental Declaration of John Ambrose in Support of Confirmation of Subchapter V Debtors' First Amended Plan of Reorganization* [D.I. 150] (the "Supplemental Confirmation Declaration" and together with the Initial Confirmation Declaration, the "Confirmation Declarations"); (e) the *Brief in Support of Confirmation of Subchapter V Debtors' First Amended Plan of Reorganization* [D.I. 142] (the "Confirmation

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows Jambys, Inc. (4264) and Jambys NYC Inc. (5373). The Debtors' mailing address is 228 Park Avenue South, PMB 49630, New York, NY 10003.

[2]    Capitalized terms used not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Brief"); and (f) the *Notice of Filing of Plan Supplement* [D.I. 132] (the "Plan Supplement" and with all of these items being hereinafter collectively referred to as the "Plan Filings"); and (ii) the Court having: (a) previously approved the solicitation procedures related to the Plan pursuant to the *Order (I) Scheduling a Hearing on Plan Confirmation and Deadlines Related Thereto: (II) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (III) Granting Related Relief* [D.I. 123] (the "Solicitation Order") entered on July 30, 2024, (b) reviewed the Plan Filings, (c) conducted a hearing on confirmation of the Plan (the "Confirmation Hearing"), (d) heard the statements, representations and arguments of the counsel for the Debtors as well as any evidence presented or proffered at the Confirmation Hearing, (e) considered the compromises embodied in and contemplated by the Plan, the briefs and arguments regarding confirmation of the Plan, the resolution of certain informal comments to the Plan, the support of various case constituents, including the Subchapter V Trustee, the evidence regarding confirmation of the Plan; and (iii) the Debtors having served the plan solicitation materials, as appropriate and required by the Solicitation Order and having otherwise complied with the notice requirements and procedures set forth in the Solicitation Order, *see Affidavit of Service* [D.I. 126], the Court hereby FINDS as follows:

A.      Findings and Conclusions.  The findings and conclusions set forth herein and on the record during the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

B.      Exclusive Jurisdiction: Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).  This Court has jurisdiction over these Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district was proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2)(L), and this Court has the exclusive jurisdiction to consider confirmation of the Plan and enter a final order with respect thereto.

C.      Judicial Notice.  The Court takes judicial notice of the docket of these Cases maintained by the Clerk of the Court and considers all evidence and arguments made, proffered, or adduced at the various hearings held before this Court during the pendency of these Cases.

D.      Burden of Proof.  The Debtors have the burden of proving the elements of Bankruptcy Code section 1191 and the applicable elements of section 1129(a) by a preponderance of the evidence.  The Debtors have met their burden with respect to all applicable elements under Bankruptcy Code sections 1191 and 1129.

E.      Subchapter V of Chapter 11 Petition.  On the Petition Date, the Debtors filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.  The Debtors have continued as debtors in possession pursuant to Bankruptcy Code sections 1108 and 1184.

F.      Subchapter V Trustee.  On April 30, 2024, the Office of the United States Trustee filed the *Notice of Appointment of Subchapter V Trustee* [D.I. 12], appointing Mr. David M. Klauder as the subchapter V trustee pursuant to Bankruptcy Code section 1183(a) and 28 U.S.C. § 586(a)(3).

G.      Solicitation.  On July 30, 2024, the Court entered the Solicitation Order which approved the solicitation, voting procedures, and deadlines for voting on and objecting to the Plan [D.I. 123].

H.      Plan Supplement.  On August 27, 2024, the Debtors filed the Plan Supplement [D.I. 132].  The Plan Supplement complies with and is consistent with the Bankruptcy Code and the terms of the Plan, and the filing and notice of such document was good and proper and in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the facts and circumstances of these Cases.  All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan.  Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement before or after the Effective Date subject to compliance with the Bankruptcy Code and the Bankruptcy Rules, provided that no such alteration, amendment, update, or modification shall be inconsistent with the terms of this Confirmation Order or the terms of the Plan.

I.      Notice.  As set forth in the Voting Declaration, the Debtors transmitted and served the solicitation packages and Ballots in compliance with the Solicitation Order and Bankruptcy Rules, and such transmittal and service were adequate and sufficient.  The Debtors, through their counsel, have provided due, proper, timely, adequate and sufficient notice to all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan), in accordance with the Solicitation Order and the Bankruptcy Rules, and all creditors and parties-in-interest have had ample opportunity to appear and be heard with respect thereto, and no other or further notice is required.

J.      Solicitation and Tabulation.  Based on the Voting Declaration, the Debtors properly solicited the Plan and, as such, fully complied with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 2002, 3017, and 3018, the Local Rules of Bankruptcy Procedure, and applicable orders of this Court including, without limitation, the Solicitation Order. The Debtors, through their counsel, solicited and tabulated votes for acceptance or rejection of the Plan fairly,

in good faith and in a manner consistent with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Solicitation Procedures Order, and all other applicable laws and regulations. The Debtors, Debtors' professionals, and all of their respective directors, officers, employees, members, participants, agents, representatives, partners, affiliates, advisors, and successors or assigns, have acted in good faith within the meaning of Bankruptcy Code sections 1125(e) and 1129(a)(3) and are, thus, entitled to the protections afforded by Bankruptcy Code section 1125(e).

K.     Proper Classification of Claims. The Plan adequately and properly identifies and classifies all Claims and Equity Interests. Pursuant to Bankruptcy Code section 1122(a), the Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests in each such Class. Pursuant to Bankruptcy Code section 1123(a)(1), valid legal and business reasons exist for the Classes of Claims and Equity Interests under the Plan and such classification does not unfairly discriminate among Holders of Claims and Equity Interests. The Plan's classification of Claims and Equity Interests is reasonable.

L.     Voting. The Court finds that Secured Claims (Class 1) and General Unsecured Claims (Class 2) are impaired under the Plan and entitled to vote to accept or reject the Plan. As evidenced by the Voting Declaration, Class 1 voted to accept the Plan and Class 2 voted to reject the Plan. The Court further finds that Equity Interests (Class 3) are unimpaired and, as such, are presumed to have accepted the Plan.

M.     Implementation of the Plan. Article 2.5 of the Plan provides adequate means for implementation in accordance with Bankruptcy Code section 1123(a)(5).

N.      No Material Plan Modifications.    The Court finds and concludes that any modifications to the Plan as may be set forth in this Confirmation Order or otherwise do not have any material adverse impact on any interested party and are appropriate under the circumstances.

O.      Releases, Exculpations, and Injunctions.  Pursuant to Bankruptcy Rule 3016(c), the Plan describes in specific and conspicuous language all acts to be enjoined by, and identifies the entities that are subject to releases and injunctions provided under the Plan, including without limitation, Articles 6.10, 6.11, 6.12, 6.13 and 6.14 thereof.  The Court finds that each release, exculpation, and injunction provision, as applicable, set forth in the Plan is: (i) within the jurisdiction of the Court under 28 U.S.C. §§ 1334; (ii) essential to the implementation of the Plan pursuant to Bankruptcy Code section 1123(a)(5) and warranted by the circumstances of these Cases; (iii) an integral element of the Plan; (iv) the product of an arms-length transaction and a critical element of obtaining the support of the various constituencies for Plan support; (v) fair, equitable, and in the best interests of Debtors' estate and their creditors; (vi) important to the overall objectives of the Plan; and (vii) consistent with Bankruptcy Code sections 105, 1123, and 1129, and other applicable provisions of the Bankruptcy Code.

P.      Assumption and Rejection of Executory Contracts.  In accordance with Bankruptcy Code section 1123(b)(2), on the Effective Date, the Debtors shall be (i) conclusively deemed to have rejected all Executory Contracts identified on the Rejected Executory Contracts List or that has previously been rejected under section 365 of the Bankruptcy Code by an order of the Bankruptcy Court and (ii) the Debtors shall be conclusively deemed to have assumed all Executory Contracts identified on the Assumed Contracts List pursuant to Article 2.6 of the Plan or another order of the Court, unless otherwise provided in this Confirmation Order.

Q.      Principal Purpose of the Plan.   The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. The Plan, thus, satisfies the requirements of Bankruptcy Code section 1129(d).

R.      Subchapter V Plan Deadline.   The Plan complies with Bankruptcy Code section 1189 because the original version was timely filed within the plan-filing deadline of July 29, 2024.

S.      Subchapter V Plan Content.   The Plan provides the following mandatory content: (i) a brief history of the Debtors' business operations; (ii) a liquidation analysis; and (iii) projections with respect to the Debtors' ability to make payments under the Plan.  Accordingly, the Plan complies with Bankruptcy Code section 1190(1).

T.      Satisfaction of Confirmation Requirements.   For the reasons set forth in the Confirmation Declarations, the Debtors have satisfied, and the Plan complies with, all applicable provisions of Bankruptcy Code section 1129(a), which are expressly made applicable by Bankruptcy Code section 1191(b).

a.      The Debtors have complied with all applicable provisions of the Bankruptcy Code, as required by Bankruptcy Code sections 1129(a)(1) and 1129(a)(2).

b.      The Plan was proposed in good faith and not by any means forbidden by law, and, the Debtors have satisfied the good faith requirement under Bankruptcy Code section 1129(a)(3).

c.      Any payment made or to be made by the Debtors, for services or for costs and expenses in or in connection with these Cases, or in connection with the Plan and incident to these Cases, has been approved by, or is subject to the approval of, the Court as reasonable, and, thus, the Plan complies with section 1129(a)(4).

> d.      Under Article 2.7 of the Plan, the Debtors have disclosed that the Debtors'

current co-CEOs, John Ambrose and Andrew Goble, will continue as the co-CEOs of the

Reorganized Debtors.  Accordingly, the Plan complies with Bankruptcy Code section 1129(a)(5).

> e.      Bankruptcy Code section 1129(a)(6) is inapplicable.

> f.      The Debtors' evidence, including their Liquidation Analysis attached to the

Plan as **Exhibit C**, demonstrates that each Class under the Plan will receive at least as much under

the Plan as such Holders of Claims would have received if the Debtors were liquidated under

Chapter 7 of the Bankruptcy Code. Accordingly, the Plan complies with Bankruptcy Code section

1129(a)(7).

> g.      The Equity Interests (Class 3) are unimpaired under the Plan and, thus, are

presumed to have accepted the Plan.  Secured Claims (Class 1) are impaired and have voted to

accept the Plan.  General Unsecured Claims (Class 2) are impaired and have voted to reject the

Plan.  However, because the Debtors are seeking confirmation pursuant to section 1191(b) of the

Bankruptcy Code, section 1129(a)(8) is inapplicable.

> h.      To the extent that Bankruptcy Code section 1129(a)(9) applies, the Plan

may be confirmed.

> > i.   The Plan, including provisions under Article 2.1, provides for payment of
> >      Priority Tax Claims in quarterly installments commencing in Q4 2024 and
> >      completing in or around Q3 2029, which is in accordance with section
> >      1129(a)(9).
> >
> > ii.  With respect to Administrative Expense Claims, the Plan provides that all
> >      allowed administrative fees and expenses will be paid in full in Cash as soon
> >      as practicable *pro rata* on a quarterly basis in accordance with the Debtors'

Disposable Income projections, as is permitted by section 1191(e), unless the holder agrees or shall have agreed to other treatment of such claim. Satisfaction of Administrative Expense Claims under the Plan is in accordance with section 1129(a)(9).

i.      General Unsecured Claims (Class 2) voted to reject the Plan. However, because the Debtors are seeking confirmation pursuant to section 1191(b) of the Bankruptcy Code, section 1129(a)(10) is inapplicable.

j.      Confirmation of the Plan is not likely to be followed by liquidation or need for further financial reorganization of the Debtors, and, thus, Bankruptcy Code section 1129(a)(11) has been satisfied.

k.      Pursuant to the Small Business Reorganization Act of 2019, the Debtors are not required to make quarterly payments to the U.S. Trustee in accordance with 28 U.S.C. § 1930(a)(6)(A).

l.      Bankruptcy Code sections 1129(a)(13)–(16) do not apply to the Plan.

m.      The Plan does not unfairly discriminate and is fair and equitable, within the meaning of Bankruptcy Code section 1191.

i.      Bankruptcy Code section 1191(c)(1) is inapplicable because Class 1 voted to accept the Plan.

ii.      As of the Effective Date of the Plan, the Plan provides that all projected Disposable Income of the Debtors to be received in a three (3) year period beginning on the First Distribution Date will be applied to make payments under the Plan.

iii.        There is a reasonable likelihood that the Debtors will be able to make all of the payments under the Plan.

iv.        The Plan provides appropriate remedies to protect Holders of Claims and Equity Interests in the event that Plan payments are not made.

U.        <u>Requirements for Confirmation Are Satisfied</u>.  The Debtors have satisfied all of the requirements for Confirmation of the Plan under Bankruptcy Code section 1191.  Confirmation of the Plan is in the best interests of the Debtors' estates, the Debtors' creditors, and all other parties in interest.

V.        <u>No Default</u>.  The Debtors shall not be in default under the Plan if Distributions are made pursuant to the terms of the Plan.

Now, THEREFORE, in view of the foregoing, FINDINGS, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.        <u>Incorporation of Findings</u>.  The foregoing findings are hereby incorporated into and form an integral part of this Confirmation Order.

2.        <u>Notice of Confirmation Hearing</u>.  Notice of the Confirmation Hearing was: (i) appropriate and satisfactory based upon the circumstances of these Cases and (ii) in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

3.        <u>Plan Modifications</u>.  Any modification of the Plan set forth in this Confirmation Order or otherwise do not have any material adverse impact on any interested party, and may be implemented without further notice, hearing, or solicitation, and are appropriate under the circumstances.  In accordance with Bankruptcy Code section 1127 and Bankruptcy Rule 3019,

all Holders of Claims who voted to accept the Plan are deemed to have accepted the Plan as modified hereby.

4.     Objections.  For the reasons stated on the record, the only objections to Confirmation of the Plan that have not been withdrawn, resolved, waived, or settled, including the *United States Trustee's Objection to Confirmation of the Subchapter V Debtors' Plan of Reorganization* [D.I. 134], are overruled on the merits.[3]

5.     Resolution of United First, LLC and Velocity Capital Group, LLC Objections.  United First, LLC and Velocity Capital Group, LLC each withdrew their objections to the plan [D.I. 137 & 148] based on their respective pending settlements among them and the Debtors.  Such withdrawals of the objections by United First, LLC and Velocity Capital Group, LLC are conditioned upon execution of settlement agreements by the Debtors and United First, LLC and the Debtors and Velocity Capital Group, LLC under Bankruptcy Rule 9019.

6.     Plan Confirmation.  The Plan, as modified herein, is hereby CONFIRMED in its entirety under Bankruptcy Code section 1191(b).

7.     Approval of Plan Releases, Exculpations, and Injunctions.  Each release, exculpation, and injunction provision set forth in the Plan, as modified herein, is hereby approved.

8.     Assumption and Rejection of Executory Contracts.  In accordance with Bankruptcy Code section 1123(b)(2), upon entry of the Confirmation Order, the Debtors will be (i) conclusively deemed to have rejected all Executory Contracts identified on the Rejected Executory Contracts List or not expressly assumed prior to the Effective Date and (ii) conclusively deemed to have assumed all Executory Contracts identified on the Assumed Contracts List or

---

[3]     Settle, Inc. withdrew its objection to the Plan based on the settlement reached among Settle, Inc. and the Debtors.

expressly assumed prior to the Effective Date, pursuant to Article 2.6 of the Plan or another order of the Court, unless otherwise provided in this Confirmation Order.

9.    Rejection Claim and Related Rejection Claims Bar Date.  A proof of claim arising from the rejection of an Executory Contract or unexpired lease (such claim, a "Rejection Claim") included on the Rejection Contract List must be filed with the Court and served upon counsel for the Debtor on or before the date that is thirty (30) days after the first of (i) the date of entry of a Confirmation Order with respect to the Plan; or (ii) the effective date of rejection of such Executory Contract or unexpired lease (the "Rejection Claims Bar Date").  Any and all Rejection Claims not filed on or before the Rejection Claims Bar Date shall be automatically disallowed and forever barred in their entirety and shall not be enforceable against the Debtors, the Debtors' estate, or its respective properties or interests in property as agents, successors, or assigns.

10.    Binding Effect.  Effective as of the entry of this Confirmation Order, but subject to applicable due process rights and the occurrence of the Effective Date, to the fullest extent of applicable law including, without limitation, Bankruptcy Code section 1141, the Plan and this Confirmation Order shall be binding on: (i) the Debtors; (ii) all Holders of Claims and Equity Interests, irrespective of whether such Claims and Equity Interests asserted or unasserted, manifested or unmanifested or known or unknown; and (iii) each person or entity acquiring property under the Plan.  Additionally, entry of this Confirmation Order is deemed consent by any counterparty to an Executory Contract or unexpired lease to the assignment of Debtors' rights, title, and interest in such Executory Contract or unexpired lease, and as evidence of such consent, a copy of this Confirmation Order may be filed with any and all applicable state, federal, or other governmental or regulatory authority and/or in any applicable governmental record.

11.     Plan Injunction.  Section 6.13 of the Plan is modified as follows (with **bold and underline text** indicating the changes):

From and after the Effective Date, all persons who have held, hold or may hold Claims against or Equity Interests in the Debtors are permanently enjoined from commencing or continuing, in any manner, any Cause of Action released **against the Debtors or the Reorganized Debtors**, to be released **against the Debtors or the Reorganized Debtors**, or discharged pursuant to the Plan or the Confirmation Order, to the extent of the releases **(other than under Section 6.11 of the Plan)**, exculpation, and discharge granted in the Plan, and all Holders of Claims or Equity Interests shall be permanently enjoined from commencing or continuing in any manner against the Estates or the Reorganized Debtors and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any claim, demand, liability, obligation, debt, right, cause of action, interest or remedy released **against the Debtors or the Reorganized Debtors, as applicable,** or to be released **against the Debtors or the Reorganized Debtors, as applicable,** pursuant to the Plan, except as otherwise expressly provided in the Plan, the Plan Supplement or related documents, or for obligations issued pursuant to the Plan.  All persons who have held, hold or may hold Claims or Equity Interests that have been released **against the Debtors or the Reorganized Debtors**, discharged, or are subject to exculpation, are permanently enjoined, from and after the Effective Date, from taking any of the following actions: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests; (b) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order against the Estates or the Reorganized Debtors on account of or in connection with or with respect to any such Claims or Equity Interests; (c) creating, perfecting or enforcing any encumbrance of any kind against the Estates or the Reorganized Debtors or the property or estates of such persons on account of or in connection with or with respect to any such Claims or Equity Interests; and (d) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests released **against the Debtors or the Reorganized Debtors**, settled, or discharged pursuant to the Plan.  **For avoidance of doubt, this injunction shall not apply to the Releases of Holders of Claims and Equity Interests at Section 6.11 of the Plan.**

12.     Discharge.  Because the Plan is confirmed under Bankruptcy Code section 1191(b), the Debtors shall receive a discharge as to any debt that arose before entry of this Confirmation Order on the Last Distribution Date in accordance with Bankruptcy Code section 1192, which is expected to be in Q3 2029.

13.     Post-Confirmation Business Operations.   The Debtors are authorized to operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and in all respects as if there were no pending Cases under any chapter or provisions of the Bankruptcy Code.   Except as otherwise expressly set forth in the Plan, the Debtors may also settle or compromise any Claims without Court approval.

14.     Debtors' Authorization.   The Debtors are hereby authorized and fully empowered to take any and all actions as may be necessary and appropriate to consummate, effectuate, and implement the Plan and all transactions contemplated thereby.

15.     Rights of Holders of Allowed Claims. All rights of Holders of Allowed Claims, including, without limitation, the right to receive a Distribution on account of such Claim(s), shall hereinafter be limited solely to the right to receive such Distribution only to the extent and as expressly provided in this Confirmation Order and under the Plan.

16.     Notice of Effective Date and Related Deadlines.   In accordance with the terms of the Plan and as soon as reasonably practicable after the Effective Date, the Debtors shall file a notice of occurrence of the Effective Date (the "Notice of Effective Date"), a copy of the form which is attached hereto as **Exhibit 1** with the Court and serve it upon all known creditors and parties required to receive notice pursuant to Bankruptcy Rule 2002.  As applicable, the Notice of Effective Date shall further set forth the Rejection Claims Bar Date, Administrative Expense Bar Date, and Professional Fee Bar Date, each as set forth and defined in the Plan.

17.     Administrative Expense Bar Date.  All parties shall file any and all requests for allowance and payment of Administrative Expense Claims incurred on or before the day immediately preceding the Effective Date pursuant to Bankruptcy Code section 503, other than

Professional Fee Claims, on the first Business Day that is thirty (30) days after the Effective Date. Administrative Expense Claims filed after the Administrative Expense Claims Bar Date shall be disallowed and forever barred in their entirety.

18.  Professional Fee Bar Date.  All Professionals shall file any and all final applications for allowance and payment of fees, costs, and expenses incurred through and including the Effective Date pursuant to Bankruptcy Code sections 330, 331, or 1103 on the first Business Day that is sixty (60) days after the Effective Date, i.e. the Professional Fee Bar Date. Professional Fee Claims filed after the Professional Fee Bar Date shall be disallowed and forever barred in their entirety.

19.  Re-vesting of Property.  Pursuant to Bankruptcy Code section 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Reorganized Debtors.  Except as provided in Bankruptcy Code sections 1141(d)(2) and (3), and except as otherwise provided in the Plan or in this Confirmation Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and interests of creditors.

20.  Subchapter V Trustee.  Pursuant to Bankruptcy Code section 1194(b), after the Debtor files a Motion for Final Decree contemplated in paragraph 25, the Subchapter V Trustee shall be discharged on or around the Last Distribution Date and the Reorganized Debtor shall make all Distributions under the Plan on and after the Effective Date.

21.  Post-Confirmation Reporting.  The Debtors shall file quarterly post-confirmation reports, served on the U.S. Trustee and the Subchapter V Trustee on or before the 20th day after the end of the calendar quarter. The reporting shall include, at a minimum, the following information:

    a. the bank name & account type of the Debtors' bank accounts;

    b. the name of the person with signatory authority over the accounts;

    c. any investments (general type), if any, and where those investments are located;

    d. Plan disbursements during the reporting period (by class); and

    e. cumulative Plan disbursements to date.

22. <u>Amendments/Headings</u>. This Confirmation Order may be amended or supplemented only upon further, final order of the Court. The headings used herein are for ease of reference only and shall not be used in interpreting this Confirmation Order.

23. <u>Retention of Jurisdiction</u>. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court shall retain jurisdiction over all matters arising in, arising under, or related to these Cases to the fullest extent legally permissible.

24. <u>Successors/Assigns</u>. This Confirmation Order shall be binding upon, and inure to the benefit of, the Debtors' successors, designees, assigns, beneficiaries, executors, administrators, and/or personal representatives.

25. <u>Conflicts Between this Confirmation Order and the Plan</u>. The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; *provided*, *however*, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of such inconsistency the provisions of this Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

26.    <u>Finality and Immediate Effect of Confirmation Order</u>.  This Confirmation Order (i) is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof; and (ii) notwithstanding the applicability Bankruptcy Rule 3020(e), shall be immediately effective and enforceable upon the entry hereof.  The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan.

27.    <u>Final Decree</u>.  Once the Debtors' estate has been fully administered, as provided in Bankruptcy Rule 3022, the Reorganized Debtors, or such other parties as the Bankruptcy Court designates, shall file a motion with the Bankruptcy Court to obtain a final decree to close the Case.  Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

28.    <u>Notice</u>.  Within five (5) business days of the entry of this Confirmation Order, the Debtors shall transmit a copy of this Confirmation Order via first class mail with postage prepaid to all of Debtors' known creditors and parties-in-interest.  Such notice shall be adequate under the circumstances and shall be sufficient to meet the requirements necessary for due process and Bankruptcy Rule 2002(f)(7).

29.    <u>Distribution of Adequate Protection Payments</u>.  As part of the resolution of the Settle Objection, the Debtors shall distribute the Adequate Protection Payments (as defined in the Final Cash Collateral Order) currently held in escrow as of the date hereof to Settle within five (5) business days of entry of this Confirmation Order.

30.     Revised Financial Projections.  Attached hereto as **Exhibit 2** are revised financial projections reflecting the settlement made on the record at the Confirmation Hearing and fully replace the financial projections attached to the Plan as Exhibit B thereto.

Dated: September 12th, 2024
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

18